UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>DION BROWN (1) )<br>RAHEEM RICHARDSON (2) )<br>JAMESHA HICKMAN (3) )<br>DEMEEKO JOHNSON (4) )<br>SAMUEL KEENE (5) )<br>TYRECE CLARK (6) )<br>HUBERT BROWN (7), )<br>  )<br>  Defendants. ) | Criminal Action No. 3:22-CR-141-CHB<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Hubert Brown's Motion to Convert the Trial Date to a Further Proceedings Date. [R. 57]. The Motion advises that, upon consultation with the other parties, neither the United States nor any of the other Defendants in this matter have an objection to the continuance.[1] *Id.* On December 16, 2022, Defendant Hubert Brown was ordered [R. 67] to supplement his Motion to Convert the Trial Date to a Further Proceedings Date. On December 19, 2022, Defendant Hubert Brown filed a Supplemental Motion to Continue and to Set a Further Proceedings Date. [R. 69].

Also before the Court is Defendant Hubert Brown's Motion to Declare Complex. [R. 58]. The Motion advises that, upon consultation with the other parties neither the United States nor

---

[1] Despite Defendant Hubert Brown's Motion to Convert the Trial Date to a Further Proceedings Date advising the Court that neither the United States nor any of the Defendants have an objection to the continuance, Defendant Demeeko Johnson filed a Response on December 14, 2022, indicating it has no objection to the continuance [R. 60].

- 1 -

Defendants Raheem Richardson, Jamesha Hickman, Samuel Keene, or Demeeko Johnson[2] have an objection to the matter being declared complex. *Id.* The Motion further advises that Defendant Dion Brown objects to the matter being declared complex. *Id.* On December 15, 2022, Defendants Tyrece Clark and Dion Brown were ordered to file their respective expedited responses to Defendant Hubert Brown's Motion to Declare Complex on or before December 19, 2022. [R. 64]. On December 15, 2022, Defendant Tyrece Clark filed his Response advising that he has no objection to the matter being declared complex [R. 65], and on December 19, 2022, Defendant Dion Brown filed his Response advising that he objects to the matter being declared complex [R. 70].

Having reviewed the Motions and Responses, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Defendant Hubert Brown's Motion to Convert the Trial Date to a Further Proceedings Date [R. 57] and Supplemental Motion to Continue and to Set a Further Proceedings Date [R. 69] are **GRANTED.** The Jury Trial currently set for January 24, 2023, is **REMANDED** from the Court's trial docket.

2. This matter is **RESCHEDULED** for **Further Proceedings** on **Thursday, February 16, 2023, at the hour of 3:00 p.m.**, before the Honorable Claria Horn Boom, United States District Judge, at the Gene Snyder U.S. Courthouse in **Louisville, Kentucky**.

3. Defendant Hubert Brown's Motion to Declare Complex is **DENIED without prejudice**. The Court will entertain a renewed motion after the February 16, 2023 proceedings.

---

[2] Despite Defendant Hubert Brown's Motion to Declare Complex advising the Court that Defendant Demeeko Johnson has no objection to the Motion, Defendant Demeeko Johnson filed a Response on December 14, 2022 [R. 61], advising the Court it has no objection.

    4.    <u>Speedy Trial Act.</u> The time between the current trial date of **January 24, 2023,** and the proceeding set for **February 16, 2023,** is **DECLARED** excludable in computing the time within which the trial must commence under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A)-(C). The Court **FINDS** that the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Specifically, even though this case, taken as a whole, has not been declared so unusual or so complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), failure to grant this continuance would deny counsel for the defendants and for the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to the voluminous discovery in this case. 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(iv). Finally, the Court **HOLDS** that the defendant's motion is not made for the purpose of undue delay, nor is this continuance granted "because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record
     United States Probation
     Jury Clerk